UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYSOL BARRAGAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. 1:21-cv-00895-JLT-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>(Doc. 36) |

Currently before the Court is Plaintiff Marysol Barragan's Motion to Modify Amended Scheduling Order to permit late designation of expert witnesses. (Doc. 36.) Defendant United States of America opposed the motion, (Doc. 38), and Plaintiff replied, (Doc. 39.) The matter has been submitted on the parties' briefs. L.R. 230(g). Having considered the briefing and record in this case, Plaintiff's motion will be denied pursuant to Federal Rule of Civil Procedure 16(b)(4).

**I.    Background**

This is an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, arising from a motor vehicle accident. (Doc. 1.) On March 24, 2022, the Court held a Scheduling Conference. (Doc. 30.) Thereafter, on March 25, 2022, the Court issued a Scheduling Conference Order. Relevant here, the Scheduling Conference Order set the following pretrial deadlines:

Expert Disclosure:                            October 14, 2022
Supplemental Expert Disclosure:    December 16, 2022

1         Expert Discovery Cutoff:                    April 14, 2023

2 (Doc. 32.)  A bench trial is scheduled for December 7, 2023.  (*Id.*)

3         In setting these deadlines, the Court advised the parties that if they determined at any time
4 that the schedule outlined could not be met, then they must notify the Court immediately so that
5 adjustments could be made, either by stipulation or by subsequent status conference.  (Doc. 32 at
6 5.)  The Court also provided the following warning:  "**The dates set in this order are firm and**
7 **will not be modified absent a showing of good cause even if the request to modify is made by**
8 **stipulation."** (*Id.*) (emphasis in original).

9         Plaintiff filed a request to modify the scheduling order on January 12, 2023.  (Doc. 34.)
10 Because the filing failed to conform with the Federal Rules of Civil Procedure and this Court's
11 Local Rules, Plaintiff re-filed the motion on January 23, 2023.  (*See* Docs. 35, 36.)  Plaintiff seeks
12 to amend the scheduling order to allow the late designation of her "treating physician expert
13 witnesses."  (*Id.* at p. 4.)  According to an exhibit attached to the motion, Plaintiff lists the
14 following professionals:  (1) Jaime Reyna, DC, Reyna Chiropractic Clinic; (2) Dennis M. Levine,
15 NP, Adventist Health Selma Community Hospital; (3) Reza Shaker, D.C.; (4) Jonathan D.
16 Caldwell, M.D.; (5) Chad Warshel, DC, DACBR, MRI Imaging Center; (6) Ali Najafi, MD,
17 Neurosurgical Associates Medical Group, 7; and (7)  Dr. Daniel Jung Kwak, LAc, DAOM, Star
18 Acupuncture.  (*Id.* at Exh. 1.)  Plaintiff seeks to designate these witnesses to testify about
19 "causation, future treatment, extent of disability, if any, treatment of the Plaintiff, facts of the
20 Plaintiff's examination and diagnosis, the degree of the injury in the future and other information
21 based on the treating professionals' personal knowledge, history, examination, diagnosis, and
22 treatment of the Plaintiff."  (*Id.*)

23         **II.**        **Motion to Modify the Court's Scheduling Order**
24             **A.  Legal Standard**

25        District courts enter scheduling orders in actions to "limit the time to join other parties,
26 amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  Once
27 entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R.
28 Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems, *Johnson v.*

1  *Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case
2  management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).
3        Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be
4  cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner*
5  *Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, pursuant to Federal
6  Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with
7  the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v.*
8  *Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests
9  to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil
10 Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As
11 the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

16 *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).
17       Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin.*
18 *Credit Network, Inc*., NO. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25,
19 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline
20 could not be met.")). The party seeking to modify a scheduling order bears the burden of
21 demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2
22 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir.
23 2002); *Johnson,* 974 F.2d at 608-609.). The Court may modify the scheduling order "if it cannot
24 reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 974 F.2d at
25 609. If the party was not diligent, then the inquiry should end. *Id.*
26     **B. Discussion**
27       Plaintiff requests amendment of the scheduling order to allow for the late designation of
28 her treating physician expert witnesses. No expert designations were served by Plaintiff prior to

1  the October 14, 2022 deadline.  According to the motion, Plaintiff's counsel, Michael Green, and
2  his staff reportedly "misread the scheduling Order," and scheduled Plaintiff's expert designation
3  for the expert discovery cutoff date of April 23, 2023.  (Doc. 36 at 3.)  Counsel remained unaware
4  of the expert disclosure deadline until December 2, 2022, when notified by defense counsel.  (*Id.*)
5  Plaintiff explains, however, that these witnesses were identified in initial disclosures and that all of
6  the documents regarding their treatment, opinions, and charges have been exchanged in discovery.
7  (Doc. 36 at p. 4.)  Plaintiff therefore argues that allowing this expert testimony would not prejudice
8  Defendant in any way, and Plaintiff can make these experts available for deposition immediately to
9  preserve the December 4, 2023 trial date.  (*Id.*)  Plaintiff further argues that she "would be
10 extremely prejudiced" in the ability to present her case without amendment of the expert disclosure
11 deadline.  (*Id.* at 5.)

12       The Court finds that Plaintiff has failed to demonstrate good cause for modification of the
13 Scheduling Order.  The expert disclosure deadline expired on October 14, 2022, and Plaintiff made
14 no attempt to request modification of that deadline until January 12, 2023, despite apparently
15 learning of the failure to disclose on December 2, 2022.  Counsel Green's reported misreading of
16 the Scheduling Order and associated calendaring error is not persuasive and does not demonstrate
17 diligence.  (Doc. 36 at 3.)  "[C]arelessness is not compatible with a finding of diligence and offers
18 no reason for a grant of relief." *Johnson*, 975 F.2d at 609; *see also Hubbard v. Twin Oaks Health*
19 *& Rehab. Ctr.*, No. CIV.S 03 725 LKK/KJM, 2004 WL 3643820, at *1 (E.D. Cal. July 15, 2004)
20 (denying defendants' ex parte application for an extension for expert witness designation where
21 defendants admitted to a calendaring error).

22       Moreover, Plaintiff's counsel, Joseph Farzam, who is in the same law firm as Mr. Green,
23 attended the scheduling conference at which the Court set the relevant expert disclosure and
24 discovery deadlines.  (*See* Doc. 30, Minutes.)  The Scheduling Order delineates separate dates for
25 expert disclosure, supplemental expert disclosure, and expert discovery cutoff.  (Doc. 32.)  These
26 dates are further transcribed on the Court's docket.  (*Id.*)  In addition to the delineated dates in the
27 Scheduling Order, Defendant electronically served on Plaintiff on October 14, 2022, Defendant's
28 expert disclosures.  (Doc. 33.)  At a minimum, Defendant's disclosure of Defendant's experts

should have triggered inquiry into the relevant expert disclosure deadlines. Even after counsel apparently learned of the calendaring error on December 2, 2022, no request for modification was filed with the Court until January 12, 2023. Accordingly, the Court finds that Plaintiff's motion fails to demonstrate the requisite diligence. In the absence of diligence, the Court's inquiry ends. *Johnson*, 974 F.2d at 609.

The Court recognizes the potential prejudice to Plaintiff in the absence of expert disclosures. Nevertheless, Plaintiffs' treating physicians (or other treaters) are still subject to being called to testify at trial as lay witnesses and to provide testimony based on their own perceptions during their treatment of Plaintiff. "Generally, a treating physician is not 'retained or specially employed to provide expert testimony'—a treating physician is a percipient witness of the treatment he rendered." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011); *see also Hoffman v. Lee*, 474 F. App'x 503, 505 (9th Cir. 2012) (finding the district court properly admitted testimony of a treating physician who testified regarding "his thought on particular actions he took in his treatment of [the plaintiff]," reasoning although the treating physician was not disclosed as an expert witness, he was a lay witness who "could testify to matters rationally based on his perception"); *Ruiz v. Paradigmworks Grp., Inc.*, No. 16-CV-2993-CAB-BGS, 2020 WL 133905, at *2 (S.D. Cal. Jan. 13, 2020) (acknowledging that "treating physician is not precluded from testifying as a percipient witness as long as there is no testimony beyond information learned or acquired, or opinions reached, as a result of the treating relationship"). Plaintiff previously disclosed these treating physicians as percipient witnesses, and she previously produced their records and bills in discovery. (See Doc. 38 at p. 2; Doc. 39 at p. 2.) Indeed, Defendant admits that "the witnesses were properly disclosed as percipient witnesses and [Plaintiff] can present their testimony as such." (Doc. 38 at p. 2.) Therefore, Plaintiff is not precluded from presenting appropriate percipient witness evidence by the treating physicians.

///

///

///

///

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion to modify the scheduling order is DENIED.

IT IS SO ORDERED.

Dated:   **February 23, 2023**            /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE